**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UBALDO ASTOR,

    Plaintiff,

v.    Case No. 3:23-cv-727-TJC-MCR

TA OPERATING, LLC, a Florida
Profit Corporation,

    Defendant.

**O R D E R**

Even in the absence of a challenge, the Court has a duty to independently evaluate subject matter jurisdiction. Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006). Upon review of Defendant's Notice of Removal (Doc. 1), the Court finds that the jurisdictional allegations are lacking. First, Defendant invokes diversity of citizenship but has not shown that the parties are citizens of different states. Id. ¶¶ 8–11; cf. 28 U.S.C. § 1441; 28 U.S.C. § 1332(a)(1). Defendant asserts that Plaintiff Ubaldo Astor is a citizen of Florida and cites the Complaint as its only support. Id. ¶ 8. However, the Complaint only alleges Plaintiff's residence. (Doc. 4 ¶ 2). Cf. Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1995) ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person."). Because

Defendant has not shown Plaintiff's citizenship, it has not established that the parties are diverse.

Second, Defendant fails to show the amount in controversy exceeds $75,000.00. The extent of Defendant's evidence is that: (1) Plaintiff alleged damages in excess of $50,000.00 in the Complaint; (2) Plaintiff checked "over $100,000.00" on the Civil Cover Sheet for the estimated amount of the claim; and (3) the nature of Plaintiff's alleged damages. (See Doc. 1 ¶ 15). But the allegations in Plaintiff's Complaint are conclusory as to jurisdiction. Moreover, when amending the Florida Rules of Civil Procedure, the Florida Supreme Court made explicit that the "estimated amount of the claim" portion of Florida's civil cover sheet is "for data collection and clerical processing purposes only" and "shall not be used for any other purpose." In re Amends. to Fla. Rules of Civ. Proc., Fla. Small Claims Rules, & Fla. Rules of App. Proc.-Jurisdiction, 302 So. 3d 811, 812–13 (Fla. 2020). Defendant's reliance on the civil cover sheet does not satisfy the amount in controversy here. See Newman v. Wal-Mart Stores E., L.P., No. 3:23-cv-81-MMH-MCR, 2023 WL 2435814, at *3 (M.D. Fla. Feb. 28, 2023) (collecting cases). Defendant has made no other showings as to Plaintiff's expenses or the extent of Plaintiff's injuries. On this limited record, the Court declines to assume that the amount in controversy is met without further evidence. See Friedman v. N.Y. Life Ins. Co., 410 F.3d 1350, 1353 (11th Cir. 2005).

3

Accordingly, it is hereby

**ORDERED:**

Defendant is directed to file a jurisdictional supplement of no more than five pages **no later than July 31**, **2023**. If Defendant does not supplement the notice of removal, the Court will remand the case.

**DONE AND ORDERED** in Jacksonville, Florida the 17th day of July, 2023.



TIMOTHY J. CORRIGAN
United States District Judge

ksm
Copies:

Counsel of record